### FIFTH AVE. BANK v. PARKER.

*(Superior Court of New York City, Special Term.* March 14, 1891.)

APPEAL—AMENDMENT OF CASE—EXCEPTIONS NOT TAKEN AT TRIAL.

Code Civil Proc. N. Y. § 994, provides that where an issue of fact is tried by a referee, or by the court without a jury, an exception to a ruling on a question of law, "made after the cause is finally submitted," must be taken by filing a notice of the exception, etc. Section 995 provides that in any other case an exception must be taken at the time when the ruling is made. *Held* that, where rulings made at a trial before a jury were not excepted to at the time, exceptions thereto cannot afterwards, on the ground of inadvertence or mistake, be inserted in the case on appeal, under Code Civil Proc. N. Y. § 724, which provides that the court may within one year after notice "relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, or excusable neglect, and may supply any omission in any proceeding."

Action by the Fifth Avenue Bank of New York against Samuel W. Parker. Judgment was entered on a verdict for plaintiff, and pending an appeal therefrom defendant (appellant) moved to insert in the case on appeal certain exceptions to rulings made at the trial, which were not then taken. For decision of the general term, affirming the judgment, see 14 N. Y. Supp. 309.

*Thomas S. Van Volkenburgh, (Charles Donohue,* of counsel,) for plaintiff. *T. Mitchell Tyng,* for defendant.

McADAM, J. The action was tried before Judge FREEDMAN and a jury, and a verdict was directed in favor of the plaintiff, to which direction the defendant excepted. The defendant now moves at special term to insert in the case on appeal three exceptions to rulings made at the trial, which exceptions were not then and there taken. The defendant claims that the failure to take the exceptions was the result of inadvertence and mistake, and that under section 724[1] of the Code the court may supply the omission *nunc pro tunc.* This is error. That section contemplates no such delinquency in practice. The case on appeal must contain a truthful representation of what occurred on the trial; and neither the justice who presided thereat, nor any other judge, has the right to allow omissions therefrom, or make additions thereto. Section 994 of the Code provides that, "where an issue of fact is tried by a referee, or by the court without a jury, an exception to a ruling upon a question of law, made after the cause is finally submitted, must be taken by filing a notice of exception," etc. This is so, because there are no other means of noting the exception or making it part of the record. But the next section (995) expressly provides that in any other case an exception must be taken at the time the ruling is made. So that, whether the trial is by a referee or by the court, either with or without a jury, the exception must be taken at the time the objectionable ruling is made. This gives the referee or court an opportunity of modifying the ruling, or withdrawing it altogether, either of its own motion or by the opposing counsel withdrawing the inquiry or proposition that called forth the exception. The application is an endeavor to supply the material necessary to review on appeal rulings not excepted to at the trial. It is novel practice, and without precedent or warrant. Motion denied, with $10 costs, to abide the event.

[1] Code Civil Proc. N. Y. § 724, provides that the court may, "in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, or excusable neglect, and may supply any omission in any proceeding."